**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK T. MILLER,
:
: Civil Action No. 07-460 (MLC)
Petitioner,
:
v.
: **O P I N I O N**
:
STATE OF NEW JERSEY,
:
Respondent.
:

**APPEARANCES:**

Frank T. Miller, Pro Se
#58406/SBI# 44122A
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Patricia B. Quelch
Assistant Prosecutor
Monmouth County Pros. Office
Monmouth County Courthouse
Freehold, NJ 07728-1789
Attorney for Respondent

**COOPER, District Judge**

Petitioner, Frank T. Miller, brings this habeas petition. See 28 U.S.C. § 2254. The sole respondent, the State of New Jersey, filed an Answer to the Petition and the State Court Record. For the following reasons, the Petition will be denied.

**BACKGROUND**

Petitioner is a state inmate serving a state sentence for murder. He "seeks a Writ of Habeas Corpus from October 21, 2005 Order of the Supreme Court of New Jersey denying [his] petition for certification from June 6, 2006 Opinion of the New Jersey Superior Court, Appellate Division, which denied [his] application for resentencing under N.J.S. 2C:1-1(d)(2)." (Pet. at section entitled "Nature of Petition".) Petitioner states

that: "The New Jersey Supreme Court clearly overstepped its New Jersey Constitution Article III separation of powers authority in denying Petitioner's application for a resentencing hearing on cause shown, by not following clear legislative intent and criteria . . . in violation of Petitioner's United States Constitution Fourteenth Amendment right to due process of law." (Pet., "Grounds".)

Petitioner was sentenced under New Jersey's former criminal code, Title 2A, to life imprisonment for murder. He argues that he should have been resentenced to a 15 to 30 year sentence under New Jersey's "new" criminal code, Title 2C. As Petitioner notes, Title 2C required that "a person serving a custodial sentence under pre-Code law may petition to have that sentence reconsidered . . . if the person was 'sentenced to a maximum term which exceeds the maximum established by the code for such an offense.'" State v. Maguire, 84 N.J. 508, 511 (1980) (citing N.J.S.A. § 2C:1-1(d)(2)). Petitioner cites § 2C:1-1(d)(2) for support for his argument that he should have been resentenced.

The New Jersey Supreme Court held in Maguire that "no one now serving a mandatory life sentence for murder under former law is entitled to reconsideration of that sentence under the resentencing provisions of the Code". 84 N.J. at 511. But Petitioner argues that the Maguire decision violated New Jersey's Constitution, Article III, Separation of Powers, and deprived him

2

of his right to be resentenced, which, in turn, violated his rights under the Fourteenth Amendment Due Process Clause of the United States Constitution.  He asserts jurisdiction under 28 U.S.C. §§ 2254, 2241, and 1651.

## DISCUSSION

**A.   Standards Governing Petitioner's Claims**

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts.  See 28 U.S.C. §§ 2244, 2254;  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in

3

>      light of the evidence presented in the State
>      court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses: the "contrary to" clause and the "unreasonable application" clause. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Under the "contrary to" clause, a federal court "may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. See id. at 411; see also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999). Thus, a federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing

Supreme Court precedent.  See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

**B.  Petition Will Be Denied**

Petitioner's request for review of the state court decision denying his petition for certification will be denied.  A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency".  See Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. See Pringle v. Ct. of Com. Pleas, 744 F.2d 297, 300 (3d Cir. 1984); see also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  For example, in Gryger v. Burke, 334 U.S. 728, 731 (1948), the Supreme Court rejected Petitioner's due process challenge to a

life sentence imposed by the Pennsylvania courts.  Petitioner argued that the sentencing judge mistakenly regarded as mandatory a sentence which was discretionary.  The Supreme Court held:

> We are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied. We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.

Id. at 731.

Petitioner here claims solely an error of state law, which is not amenable to correction in a federal habeas corpus proceeding.  See 28 U.S.C. § 2254(a).  Moreover, to the extent this Court has jurisdiction to entertain this issue, it is clear from a review of the record that the sentence imposed comported with state law.  See N.J.S.A. § 2C:43-7.2(d)(4).  Petitioner is not entitled to relief on this claim.

The violation of a right created by state law is not cognizable as a basis for federal habeas relief.  See Estelle, 502 U.S. at 67-68 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))).  "No right exists under the Fourteenth Amendment to a correct determination of state law."  Hochman v. N.J. Supreme Ct., No. 90-682, 1990 WL 126198, at *4 (D.N.J. Aug. 27, 1990).  Petitioner here disagrees

with the New Jersey Supreme Court's interpretation of a New Jersey statute, and thus fails to state a federal claim.[1]

Petitioner also has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Accordingly, the petition for a writ of habeas corpus will be denied.

---

[1] Petitioner's jurisdiction claim under 28 U.S.C. § 2241 also fails, because that section applies to petitioners challenging their custody as unlawful under "the United States Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Petitioner's challenge invokes a state court interpretation of a state law.

Petitioner's attempt to establish jurisdiction under the All Writs Act also fails.  The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  Section 1651 permits this Court to issue a writ of mandamus in aid of its own jurisdiction, but it does not confer upon federal courts general jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court.  See, e.g., In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981); Bronson v. Supreme Ct. of Pa., No. 89-5552, 1989 WL 100048, at *1 (E.D. Pa. Aug. 25, 1989); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001).  Section 1651 also does not confer jurisdiction on this Court to issue a writ of mandamus "against state officials for violations of their duties under state law."  See Coniston Corp. v. Village of Hoffman Ests., 844 F.2d 461 (7th Cir. 1988); Jenkins v. Gregorio, No. 06-5163, 2006 WL 3194062, at *2 (D.N.J. Nov. 2, 2006).

**CONCLUSION**

For the foregoing reasons, Petitioner's application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, will be denied.  The Court will issue an appropriate order and judgment.

The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253 and <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).


                                                           s/ Mary L. Cooper    
                                                          **MARY L. COOPER**  
                                                          United States District Judge

**Dated:**    July 1, 2008